W. T. BITTNER, D. E. BITTNER AND E. M. BITTNER, PARTNERS, DOING BUSINESS AS BITTNER ASSOCIATES, PETITIONER, *v.* UNITED STATES OF AMERICA, RESPONDENT.

Docket No. 354–R. Filed June 29, 1956.

*Robert S. Foster, Esq.*, for the petitioner.
*Harland F. Leathers, Esq.*, for the respondent.

OPINION.

TURNER, *Judge:* By section 403 (c) (6) of the Renegotiation Act of 1943,[2] the profits received under a subcontract, as defined by section 403 (a) (5) (B) of the Act, are not subject to renegotiation, unless the aggregate of the amounts received or accrued in a fiscal year ending after June 30, 1943, exceeds $25,000. The income of the petitioner for the calendar year 1943 under the contract herein was in excess of $25,000, and petitioner has stipulated that if the $25,000 limitation specified in section 403 (c) (6) is the controlling limitation, a decision may be entered "determining excessive profits in the amount previously determined, namely $21,000." The question for decision accordingly is whether the contract between petitioner and LaPointe was a subcontract as defined in section 403 (a) (5) (B).

Omitting exceptions, not here pertinent, a subcontract is defined by section 403 (a) (5) (B)[3] as meaning "any contract or arrangement" under which "(i) any amount payable * * * is contingent upon the procurement of a contract or contracts with a Department or of a subcontract or subcontracts, or determined with reference to the amount of such contract or subcontract or such contracts or subcon-

---

[2] Sec. 403 (c) (6). This subsection shall be applicable to all contracts and subcontracts, to the extent of amounts received or accrued thereunder in any fiscal year ending after June 30, 1943, whether such contracts or subcontracts were made on, prior to, or after the date of the enactment of the Revenue Act of 1943, and whether or not such contracts or subcontracts contain the provisions required under subsection (b), unless * * * (B) the aggregate of the amounts received or accrued in such fiscal year by the contractor or subcontractor and all persons under the control of or controlling or under common control with the contractor or subcontractor, under contracts with the Departments and subcontracts (* * * excluding subcontracts described in subsection (a) (5) (B)) do not exceed $500,000 and under subcontracts described in subsection (a) (5) (B) do not exceed $25,000 for such fiscal year. * * *

[3] Sec. 403 (a). For the purposes of this section—
* * * * * * *
(5) The term "subcontract" means—
* * * * * * *
(B) Any contract or arrangement other than a contract or arrangement between two contracting parties, one of which parties is found by the Board to be a bona fide executive officer, partner, or full-time employee of the other contracting party, (1) any amount payable under which is contingent upon the procurement of a contract or contracts with a Department or of a subcontract or subcontracts, or determined with reference to the amount of such a contract or subcontract or such contracts or subcontracts, or (11) under which any part of the services performed or to be performed consists of the soliciting, attempting to procure, or procuring a contract or contracts with a Department or a subcontract or subcontracts: * * *

tracts, or (ii) * * * any part of the services performed or to be performed consists of the soliciting, attempting to procure, or procuring a contract or contracts with a Department or a subcontract or subcontracts."

It is the claim of petitioner that it was a firm of engineers engaged in the selling of engineering services, which consisted of the designing, installing, and servicing of highly specialized cutting tools known as broaches; that, not having the capital to finance the manufacture of the tools it designed, it entered into a contract with the LaPointe Machine Tool Company to manufacture the said tools which were designed for and sold by petitioner to its, petitioner's, customers; that LaPointe did not hire petitioner, but that petitioner in effect hired LaPointe; that under its contract with LaPointe, it was not engaged in the solicitation or procurement of "contracts with a Department" within the purview of section 403 (a) (5) (B), and accordingly was not a subcontractor within the meaning of that section.

It is our opinion that both the facts and the law are clearly otherwise. By the terms of the contract, it was LaPointe which did the employing, and not the petitioner. LaPointe agreed to employ, and did employ, petitioner as its exclusive sales representative to sell its, LaPointe's, products in a specifically designated territory. And while as a part of its employment petitioner was to supply engineering services and to service the products sold for LaPointe, its compensation was to be in the form of commissions, the rate and the amount of which were contingent upon the volume of sales made. The commissions were to be received only where sales were consummated, and were to be accepted by petitioner "in full settlement" for its services and expenses "while so employed." Applying the words of the statute, it is thus apparent that all amounts, not "any amount," payable were contingent upon the procurement by petitioner of sales contracts for LaPointe; that all of the amounts so payable were to be determined directly by reference to the amount of such contracts, and dominant in "the services performed or to be performed" were "the soliciting, attempting to procure, or procuring" of sales contracts. Furthermore, the petitioner has stipulated that all payments made to it by LaPointe were made pursuant to the contract here under consideration, that the payments were in excess of $25,000, and were "based upon Contracts or Sub-Contracts with Departments named in the Renegotiation Act." We accordingly conclude and hold that petitioner's contract with LaPointe was a subcontract within the meaning of section 403 (a) (5) (B) of the Renegotiation Act of 1943, and that the $25,000 limitation provided in section 403 (c) (6) is the controlling limitation. See *Armstrong* v. *War Contracts Price Adjustment Board*, 15 T. C. 625, and *Iverson & Laux, Inc.*, 6 T. C. 247.

*An order will be entered in accordance herewith.*